*E-FILED - 8/25/09*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RANDALL DEAN HOLMES, | ) | No. C 09-3259 RMW (PR) |
| | ) | |
| Plaintiff, | ) | ORDER OF SERVICE; ORDER |
| | ) | OF PARTIAL DISMISSAL; |
| v. | ) | DIRECTING DEFENDANTS TO |
| | ) | FILE DISPOSITIVE MOTION |
| D. CASTELLAW, Warden; et al., | ) | OR NOTICE REGARDING |
| | ) | SUCH MOTION |
| Defendants. | ) | |
| | ) | |

Plaintiff, proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against officials and employees of Pelican Bay State Prison, where plaintiff's allegations occurred.   Plaintiff is granted leave to proceed in forma pauperis in a separate order.  The court dismisses several defendants and will order service of the complaint on the remaining defendants.

**DISCUSSION**

A.   Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or

Order of Service; Order of Partial Dismissal; Directing Defendants to File Dispositive Motion or Notice Regarding Such Motion
P:\PRO-SE\SJ.Rmw\CR.09\Holmes259srv.wpd          1

1  seek monetary relief from a defendant who is immune from such relief.  Id. at §
2  1915A(b)(1),(2).  Pro se pleadings must, however, be liberally construed.  Balistreri v. Pacifica
3  Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).
4  　　　　To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential
5  elements:  (1) that a right secured by the Constitution or laws of the United States was violated,
6  and (2) that the alleged deprivation was committed by a person acting under the color of state
7  law.  West v. Atkins, 487 U.S. 42, 48 (1988).
8  B.   　Plaintiff's Claim
9  　　　　Plaintiff alleges that in March 2006, defendants received information that Hispanic
10  inmates were plotting assaults on various Causcasian inmates and defendants did nothing to
11  prevent or safeguard plaintiff's security.  Plaintiff further alleges that on April 9, 2006, he was
12  violently assaulted by Hispanic inmates and suffered severe injuries that resulted in his being re-
13  housed into administrative segregation.
14  　　　　On April 12, 2006, the Institutional Classification Committee ("ICC") released plaintiff
15  back into general population.  Plaintiff informed defendants Tedson, Hishiowe, and an
16  unidentified officer of the potential danger to plaintiff being housed with the original assaulters.
17  None provided protective measures.
18  　　　　On July 6, 2006, several Hispanic inmates were planning plaintiff's murder.  That same
19  day, defendants Cook, Smelosky, Wilber, Terry, French, Swearingen, Akin, and Navarro
20  determined the threat was credible and informed plaintiff of the danger.  As a result, plaintiff was
21  again re-housed in administrative segregation.  However, the following day, defendant Smelosky
22  made the decision to release plaintiff back into general population.
23  　　　　From July 7 through July 11, plaintiff was on unofficial confinement to quarters and
24  prohibited from being on the cell block floor with any Hispanic inmates.  On July 11, an
25  unidentified officer along with defendants Tedson and Hishiowe deliberately opened plaintiff's
26  cell door while two Hispanic inmates were on the floor.  As a result, the Hispanic inmates
27
28

1  attempted to murder plaintiff.  Plaintiff suffers from mental and emotional injury, as well as
2  disfiguring physical injuries.
3      Plaintiff claims that defendants were deliberately indifferent to his safety and security.
4  The court will order service of the complaint based on the cognizable claim described above.
5  C.    Defendants Miller, Castro, and Halbert
6      Defendants Miller, Castro, and Halbert are DISMISSED from this action.  Plaintiff fails
7  to assert any allegations against them other then listing their names in the "defendants" section
8  of his complaint.      Absent any allegations of wrongdoing, defendants Miller, Castro, and
9  Halbert are DISMISSED.  If plaintiff can in good faith directly link any of these defendants to
10  his allegation, plaintiff may move to file an amended complaint.
11 D.    Doe Defendants
12      Plaintiff names several "unidentified" defendants in his complaint.  The use of "Doe"
13 defendants is not favored in the Ninth Circuit.  See Gillespie v. Civiletti, 629 F.2d 637, 642 (9th
14 Cir. 1980).  However, where the identity of alleged defendants cannot be known prior to the
15 filing of a complaint the plaintiff should be given an opportunity through discovery to identify
16 them.  Id.  Failure to afford the plaintiff such an opportunity is error.  See Wakefield v.
17 Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999).
18      Accordingly, Doe defendants are DISMISSED from this action without prejudice.
19 Should plaintiff learn the identity of any Doe defendants through discovery, he may move to file
20 an amendment to the complaint to add the individuals as named defendants.  See Brass v.
21 County of Los Angeles, 328 F.3d 1192, 1195-98 (9th Cir. 2003).

**CONCLUSION**

23      1.    Defendants Miller, Castro, Halbert, and "unidentified" defendants are
24 DISMISSED.
25      2.    The clerk of the court shall issue summons and the United States Marshal shall
26 serve, without prepayment of fees, a copy of the complaint, all attachments thereto, and a copy
27 of this order upon: **Warden D. Castellaw, Associate Warden M. Cook, Correctional Officer**
28

Order of Service; Order of Partial Dismissal; Directing Defendants to File Dispositive Motion or Notice Regarding
Such Motion
P:\PRO-SE\SJ.Rmw\CR.09\Holmes259srv.wpd       3

1  **M.A. Smelosky, Correctional Officer D. Swearingen, Correctional Officer K. Cruse,**
2  **Correctional Officer Wilber, Correctional Officer P. Terry, Correctional Officer French,**
3  **Correctional Officer H. Akin, Correctional Officer Navarro, Correctional Officer Lujan,**
4  **Correctional Officer J. Bowman, Correctional Officer, M.A. Whitman, Correctional**
5  **Officer Cordich, Correctional Officer Tedson,** and **Correctional Officer Hishiowe** at the
6  **Pelican Bay State Prison** in **Crescent City, California.**  The clerk shall also mail a courtesy
7  copy of this order and the complaint, with all attachments thereto, to the **California Attorney**
8  **General's Office**.

9       3.     No later than **ninety (90) days** from the date of this order, defendants shall file a
10 motion for summary judgment or other dispositive motion with respect to the claims in the
11 complaint as set forth above, or notify the court that they are of the opinion that this case cannot
12 be resolved by such a motion.

13            a.     If defendant elects to file a motion to dismiss on the grounds that plaintiff
14 failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a),
15 defendant shall do so in an unenumerated Rule 12(b) motion pursuant to Wyatt v. Terhune, 315
16 F.3d 1108, 1119-20 (9th Cir. 2003).

17            b.     Any motion for summary judgment shall be supported by adequate factual
18 documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil
19 Procedure.  **Defendant is advised that summary judgment cannot be granted, nor qualified**
20 **immunity found, if material facts are in dispute.  If any defendant is of the opinion that this**
21 **case cannot be resolved by summary judgment, he shall so inform the court prior to the**
22 **date the summary judgment motion is due.**

23      4.     Plaintiff's opposition to the dispositive motion shall be filed with the court and
24 served on defendant no later than **thirty (30) days** from the date defendant's motion is filed.

     a.    In the event defendant files an unenumerated motion to dismiss under Rule 12(b), plaintiff is hereby cautioned as follows:[1]

> The defendants have made a motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, on the ground you have not exhausted your administrative remedies. The motion will, if granted, result in the dismissal of your case. When a party you are suing makes a motion to dismiss for failure to exhaust, and that motion is properly supported by declarations (or other sworn testimony) and/or documents, you may not simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or documents, that contradict the facts shown in the defendant's declarations and documents and show that you have in fact exhausted your claims. If you do not submit your own evidence in opposition, the motion to dismiss, if appropriate, may be granted and the case dismissed.

     b.    In the event defendant files a motion for summary judgment, the Ninth Circuit has held that the following notice should be given to plaintiffs:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that

---

[1] The following notice is adapted from the summary judgment notice to be given to pro se prisoners as set forth in Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). See Wyatt v. Terhune, 315 F.3d at 1120 n.14.

1  failure to file an opposition to defendant's motion for summary judgment may be deemed to be a
2  consent by plaintiff to the granting of the motion, and granting of judgment against plaintiff
3  without a trial.  See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); Brydges
4  v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

5       5.  Defendant shall file a reply brief no later than **fifteen (15) days** after plaintiff's
6  opposition is filed.

7       6.  The motion shall be deemed submitted as of the date the reply brief is due.  No
8  hearing will be held on the motion unless the court so orders at a later date.

9       7.  All communications by the plaintiff with the court must be served on defendant,
10 or defendant's counsel once counsel has been designated, by mailing a true copy of the
11 document to defendant or defendant's counsel.

12      8.  Discovery may be taken in accordance with the Federal Rules of Civil Procedure.
13 No further court order is required before the parties may conduct discovery.

14      For plaintiff's information, the proper manner of promulgating discovery is to send
15 demands for documents or interrogatories (questions asking for specific, factual responses)
16 directly to defendants' counsel.  See Fed. R. Civ. P. 33-34.  The scope of discovery is limited to
17 matters "relevant to the claim or defense of any party . . ."  See Fed. R. Civ. P. 26(b)(1).
18 Discovery may be further limited by court order if "(i) the discovery sought is unreasonably
19 cumulative or duplicative, or is obtainable from some other source that is more convenient, less
20 burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by
21 discovery in the action to obtain the information sought; or (iii) the burden or expense of the
22 proposed discovery outweighs its likely benefit."  Fed. R. Civ. P. 26(b)(2).  In order to comply
23 with the requirements of Rule 26, before deciding to promulgate discovery plaintiff may find it
24 to his benefit to wait until defendants have filed a dispositive motion which could include some
25 or all of the discovery plaintiff might seek.  In addition, no motion to compel will be considered
26 by the Court unless the meet-and-confer requirement of Rule 37(a)(2)(B) and N.D. Cal. Local
27 Rule 37-1 has been satisfied.  Because plaintiff is detained, he is not required to meet and confer
28

Order of Service; Order of Partial Dismissal; Directing Defendants to File Dispositive Motion or Notice Regarding
Such Motion
P:\PRO-SE\SJ.Rmw\CR.09\Holmes259srv.wpd     6

1   with defendants in person.  Rather, if his discovery requests are denied and he intends to seek a
2   motion to compel he must send a letter to defendants to that effect, offering them one last
3   opportunity to provide him with the sought-after information.
4           9.      It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court
5   and all parties informed of any change of address and must comply with the court's orders in a
6   timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute
7   pursuant to Federal Rule of Civil Procedure 41(b).
8       IT IS SO ORDERED.
9   DATED: __8/24/09_____         _Ronald M. Whyte_
                                        RONALD M. WHYTE
10                                       United States District Judge